IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

STEVEN BERRY LOTT                                                                                    PLAINTIFF

v.                                                                             CIVIL ACTION NO.: 4:14-CV-28-DMB-SAA
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY                                                                                      DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff Steven Berry Lott requests attorneys' fees in the amount of $2,623.25 under the Social Security Act, 42 U.S.C. § 406(b). Docket 9. In support of his request for fees, counsel has submitted an itemization of services rendered from February 2014 through April 2014. Docket 9. The itemization includes work performed only at the district court level. This court remanded plaintiff's case to the agency on May 13, 2014. Docket 8. After remand, an Administrative Law Judge issued a favorable decision on July 24, 2015, finding the plaintiff disabled as of January 2011. Plaintiff's past-due benefits amount to $34,493.36. The Commissioner declined to assert a position on the reasonableness of plaintiff's request for attorneys' fees because she is not a true party in interest. Docket 10, pg. 1.

Section 406 of the Social Security Act addresses the administrative and judicial review stages of a social security case separately. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(a) governs fees for representation in administrative proceedings, and "the authority for setting fees for representation in agency proceedings rests exclusively with the [Commissioner]." *See Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir. 1990), *abrogated on other grounds by Gisbrecht, supra*. Section 406(b), on the other hand, "controls fees for representation

in court." *Gisbrecht*, 535 U.S. at 794. Under section 406(b), "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

The district court is responsible for determining a reasonable fee in light of the circumstances of each particular case. *Brown*, 917 F.2d at 192. The burden, however, is on the plaintiff's attorney to "show that the fee sought is reasonable for the services rendered." *See Gisbrecht*, 535 U.S. at 807. Courts should consider certain factors in determining the reasonableness of a § 406(b) fee, including, but not limited to: (1) the quality of representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808.

In this case, plaintiff's counsel requests $2,623.25, representing 15.5 hours of legal work at the district court level. Counsel's request for $2,623.25 is an amount well under 25 percent of plaintiff's past due benefits of $34,493.36. Because plaintiff's counsel did not seek a fee award under the Equal Access to Justice Act, he is not required to refund the amount of the smaller fee to plaintiff. H.R. Rep. No. 120, 99th Cong. 1st Sess. 19, *reprinted in* 1985 U.S. Code Cong. & Admin. News 132; *see also Gisbrecht*, 535 U.S. at 796.

Having reviewed plaintiff's motion and the record, the undersigned finds that plaintiff's request is eminently reasonable for the services rendered, and recommends that the motion for attorneys' fees be granted. The undersigned recommends that plaintiff's counsel, Thomas U. Reynolds, be awarded a total of $2,632.65 to be paid by the Commissioner from the plaintiff's

past-due benefits. The parties are referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. Pr. 72(b), and L.U.Civ.R. 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accepted by the district court..." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

    Respectfully submitted, this, the 28th day of March, 2016.

                                       s/ S. Allan Alexander
                                       UNITED STATES MAGISTRATE JUDGE